IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
AT JOPLIN

LARRY CARLISLE,

           Plaintiff,

vs.

PROPERTY & CASUALTY INSURANCE
COMPANY OF HARTFORD,

    Serve: Missouri Department of Insurance
          Director of Insurance
          301 West High Street, Room 530
          Jefferson City, Missouri

           Defendant.

Case No. 06AO-CC00445

LAW DEPARTMENT

OCT 2 4 '06

RECEIVED

## PETITION IN DAMAGES

COMES NOW the Plaintiff, Larry Carlisle, and for his cause of action against Defendant Property & Casualty Insurance Company of Hartford (hereinafter "The Hartford") states and alleges as follows:

1. Plaintiff is a citizen and resident of the Jasper County, Missouri.

2. Defendant is a foreign insurance company conducting business in the State of Missouri, is registered with the Missouri Director of Insurance, and can be served through the Director of Insurance pursuant to § 375.256 RSMo. Service may be effected upon the Director of Insurance, Missouri Department of Insurance, 301 West High Street, Room 530, Jefferson City, Missouri 65101.

3. Jurisdiction and venue are proper with this Court pursuant to RSMo. § 508.010.





FILED
LINDA WILLIAMS-CLERK

OCT 0 3 2006

JASPER COUNTY CIRCUIT CLERK
JOPLIN, MISSOURI

## FACTS COMMON TO ALL COUNTS

4. On or about February 3, 2005, Plaintiff was driving his vehicle and was stopped for a red light at the intersection of Seventh Street and Duquesne Road in the village of Duquesne, Missouri.

5. At the same time, one Johnny G. Woods was driving a vehicle and approached Plaintiff's vehicle from the rear while the stop light remained red.

6. Mr. Woods failed to bring his vehicle to a safe stop and rear-ended the vehicle operated by Plaintiff.

7. As a result of the collision, Plaintiff was injured.

8. The injuries suffered by Plaintiff included, but were not limited to, a tear of his right rotator cuff, necessitating surgery and other diagnosis and treatment.

9. Johnny Walker's negligence, carelessness, faults and omissions directly and proximately caused or contributed to cause Plaintiff to sustain bodily injury and pain and suffering to his body. Plaintiff has incurred and will continue to incur a substantial sum for medical and health care and treatment, as well as other expenses and losses. Plaintiff was caused and continues to have pain, suffering, emotional and physical distress, loss of enjoyment and quality of life, and inconvenience.

10. Plaintiff's medical bills totaled in excess of $31,000.

11. Due to the aforesaid negligence of Johnny Walker, Plaintiff entered into negotiations with Mr. Walker's insurer for compensation for personal injury and property damage.

12. Mr. Walker's liability insurance carrier, GEICO, tendered its policy limits of $25,000 to Plaintiff.

13. Plaintiff's damages far exceeded the limits of Mr. Walker's liability coverage of $25,000.

14. Plaintiff accepted Mr. Walker's offer of his policy limits and executed a release in his favor on May 24, 2006.

15. Defendant The Hartford had issued insurance policy number 55 PHJ264369 (hereinafter "the policy") to Plaintiff which was in full force and effect on the date of the accident.

16. The policy included underinsured motorist (UIM) coverage with a limit of $250,000 per person.

17. On June 29, 2006, plaintiff sent his insurer a written demand for payment of his losses under the underinsurance coverage available in accordance with the terms and provisions of his contract for insurance pursuant to Mo. Rev. Stat. §§ 375.296 and 375.420 within thirty-one days of the receipt of his letter.

18. By letter dated September 7, 2006, Defendant denied Plaintiff's claim on his underinsured motorist policy.

## COUNT I – UNDERINSURED MOTORIST CLAIM

19. Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 18 as though fully set forth herein *in haec verba*.

20. At all pertinent times herein concerned Defendant issued to Plaintiff a policy of insurance bearing policy number 55 PHJ264369 which provided that the insured would be protected against underinsured motorists.

3

21. The Policy provides that Defendant will pay for damages for bodily injury to which an insured is legally entitled to collect from the owner/driver of an underinsured motor vehicle.

22. On February 3, 2005, the Policy was in full force and effect.

23. Plaintiff is an insured under the Policy.

24. Plaintiff has met and fulfilled all the terms and conditions of the policy.

25. On February 3, 2003, Johnny Woods was an underinsured motorist as that term is defined under the Policy and Missouri law.

26. Plaintiff is entitled to recover under the Policy the damages he has suffered as a result of the negligence of Johnny Woods in that the amount received in settling for the policy limits of Johnny Woods' liability coverage did not fully compensate plaintiff for the injuries and damages he has suffered as a result of the aforementioned collision.

WHEREFORE Plaintiffs prays for judgment against Defendant for damages that are fair and reasonable, for her costs and prejudgment interest and for such other and further relief as this Court deems just and proper, which damages in the aggregate do not exceed $250,000.

## COUNT II – VEXATIOUS REFUSAL

27. Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 26 as though fully set forth herein *in haec verba*.

28. Plaintiff was an insured under the Policy issued by Defendant.

29. Plaintiff is entitled to recover under the Policy the damages he has suffered as a result of the negligence of Johnny Woods in that the amount received in

4

settling for the policy limits of Johnny Woods' liability coverage did not fully compensate plaintiff for the injuries and damages he has suffered as a result of the aforementioned collision.

30. Despite repeated demands upon Defendant to pay the underinsured motorist benefits due and owed to Plaintiff, Defendant has failed and refused to pay said benefits without reasonable cause or excuse for a period exceeding thirty days.

31. Pursuant to R.S.Mo. Section 375.420 and R.S.Mo. Section 375.296, Defendant's refusal to pay the underinsured motorist benefits due and owed to Plaintiff is vexatious and without reasonable cause.

32. As a direct and proximate result of Defendant's vexatious conduct, Plaintiff has not had the benefit of receiving his underinsured motorist benefits and is entitled to statutory damages.

WHEREFORE Plaintiffs pray for judgment against Defendant for damages which are fair and reasonable, and for interest on the amount due under the Policy, for statutory vexatious damages of 20% of the first $1,500.00 and 10% in excess of $1,500.00, for reasonable attorney fees, for interest, and for his costs and expenses incurred herein.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

by: _____
THE HERSHEWE LAW FIRM, P.C.
Ed Hershewe, Mo. Bar No. 27641
431 Virginia Ave.
Joplin, MO 64801
(417) 782-3790
(417) 782-8482 (facsimile)
ATTORNEYS FOR PLAINTIFF

5


**EXHIBIT B**
Serve

# IN THE 29TH JUDICIAL CIRCUIT COURT, JASPER COUNTY, MISSOURI



| Judge or Division: DAVID C DALLY | Case Number: 06AO-CC00445 |
|---|---|
| Plaintiff/Petitioner: LARRY J CARLISLE | Plaintiff's/Petitioner's Attorney/Address EDWARD JAMES HERSHEWE 431 VIRGINIA JOPLIN, MO 648012324 |
| vs. | |
| Defendant/Respondent: PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD | Court Address: 601 S. Pearl JOPLIN, MO 64801 |
| Nature of Suit: CC Pers Injury-Vehicular | |

**SOP RECEIPT DATE**

**OCT 1 8 2006**

MO. DEPT OF INSURANCE, FINANCIAL INSTITUTIONS & PROFESSIONAL REGISTRATION
(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD

DIRECTOR OF INSURANCE
301 W HIGH STREET ROOM 530
JEFFERSON CITY, MO 65101



**COURT SEAL OF JASPER COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

10-5-06
Date

LINDA WILLIAMS, CIRCUIT CLERK

Paula Boyer
Deputy Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server
_____ Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
(Seal) Subscribed and sworn to before me on _____ (date).
My commission expires: _____
Date _____ Notary Public

**Sheriff's Fees, if applicable**
Summons $ _____
Non Est $ _____
Mileage $ _____ (____ miles @ $ .____ per mile)
Total $ _____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) For Court Use Only: Document Id # 06-SMCC-920     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 3:06-cv-05115-RED   Document 1-1   Filed 11/13/06   Page 6 of 8

State of Missouri
# Department of Insurance, Financial Institutions and Professional Registration



TO: Corporate Secretary (or United States Manager or Last Appointed General Agent) of

PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD
(Name of Insurance Company)

CSC LAWYERS INCORPORATING SERVICE CO., 221 BOLIVAR STREET
(Street Address or P.O. Box)

JEFFERSON CITY, MO 65101
(City or Town, State and Zip Code)

RE: Court: JASPER COUNTY        Case Number: 06AO-CC00445

You will take notice that original process in the suit against you, a copy of which is attached hereto, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Insurance, Financial Institutions and Professional Registration of the state of Missouri, Dated at Jefferson City, Missouri

this 18TH day of OCTOBER , 2006 .

_____
Director of Insurance, Financial Institutions
and Professional Registration

**EXHIBIT C**

MO 375-0432N (9-06)        SERVICE OF PROCESS        PART 1-LE



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

TMM / ALL
Transmittal Number: 4847433
Date Processed: 10/23/2006

| | |
|---|---|
| Primary Contact: | Mr. Michael Johnson Law Department<br>The Hartford<br>690 Asylum Avenue<br>Law Department<br>Hartford, CT 06105 |
| Entity: | Property and Casualty Insurance Company of Hartford<br>Entity ID Number 2344588 |
| Entity Served: | Property & Casualty Ins. Co. of Hartford |
| Title of Action: | Larry Carlisle vs. Property & Casualty Insurance COmpany of Hartford |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Jasper County Circuit Court, Missouri |
| Case Number: | 06AO-CC00445 |
| Jurisdiction Served: | Missouri |
| Date Served on CSC: | 10/20/2006 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | Department of Insurance Financial Institutions and Professional Registration 10/18/2006 |
| How Served: | Regular Mail |
| Plaintiff's Attorney: | Ed Hershewe<br>417-782-3790 |

RECEIVED
OCT 2 5 '06
SELECT LITIGATION
LAW DEPARTMENT
OCT 2 4 '06
RECEIVED

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com



EXHIBIT
D